IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00105-MR

| | |
|---|---|
| GARY LEE BEATTY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| FNU WARREN, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's pro se Motion to Amend[1] [Doc. 5] and Motion for Transfer[2] [Doc. 7].

The Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Craggy Correctional Center.[3] [Doc.1]. Before the Complaint was reviewed for frivolity, the Plaintiff filed the instant Motions. [Docs. 5, 7]. They will be addressed in turn.

In his Motion to Amend, the Plaintiff seeks to add new Defendants and factual allegations. A plaintiff may amend the complaint once as a matter of

---

[1] This motion is titled "Motion: Asking Chief Judge to Amend: to initial complaint."

[2] This motion is titled "Motion: to Ask this Court for a Transfer to Another Facility and/ To Show Court Grievance(s) have been filed and copies sent to court."

[3] The Plaintiff is presently incarcerated at the Richmond Correctional Institution.

course within 21 days after serving the complaint, or within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), which is earlier. Fed. R. Civ. P. 15(a)(1). A plaintiff may subsequently amend with permission from the court which "shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a)(2).

The Plaintiff's Motion to Amend is moot because he may amend as a matter of course at this juncture in the proceedings. See Fed. R. Civ. P. 15(a)(2). However, piecemeal amendment will not be permitted. The Plaintiff may file a superseding Amended Complaint on a § 1983 form that clearly identifies the Defendants against whom he intends to proceed, and sets forth facts describing how each of the Defendants allegedly violated his rights. See generally Fed. R. Civ. P. 10(a). Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. If the Plaintiff fails to timely amend in accordance with this Order, the Court will proceed on the Complaint. [Doc. 1].

In the Motion for Transfer, the Plaintiff asked the Court to order NCDPS to transfer him to another prison because of retaliation and staff misconduct. [Doc. 7]. However, the Plaintiff no longer resides at the Craggy CC where the incidents at issue allegedly occurred. Accordingly, his request for a

transfer is moot.  See generally Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007).

The Court further notes that the Plaintiff has filed other documents that purport to provide the Court with information and seek relief.  [See Doc. 10 (Letter seeking to voluntarily dismiss a Defendant); Doc. 11 ("Notice of Information" asking the Court to disregard part of his request for a transfer)].  The Plaintiff is reminded that he should not direct any Letters to the Court and, if he wishes to request relief, he must do so in a Motion.  [See Doc. 3 (Order of Instructions)].

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's Motion to Amend [Doc. 5] and Motion for Transfer [Doc. 7] are **DENIED** as stated in this Order.
2. The Plaintiff may file a superseding Amended Complaint within **thirty (30) days** of this Order.  If the Plaintiff fails to file an Amended Complaint in accordance with this Order, this action will proceed on the original Complaint [Doc. 1].

The Clerk is respectfully instructed to mail the Plaintiff a blank prisoner § 1983 complaint form and copies of the docket sheet, the Order of Instructions [Doc. 3], and this Order.

**IT IS SO ORDERED.** Signed: September 7, 2022

Martin Reidinger
Chief United States District Judge