IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00105-MR

| | |
|---|---|
| GARY LEE BEATTY, JR., | ) |
| Plaintiff, | ) |
| vs. | ) |
| FNU WARREN, et al., | )  **ORDER** |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of the pro se Complaint. [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 9].

**I.  BACKGROUND**

The pro se incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing an incidents that allegedly occurred at the Craggy Correctional Center.[1] He names as Defendants: Roy Cooper, the governor of North Carolina; Todd E. Ishee, the North Carolina Department of Public Safety (NCDPS) commissioner of prisons; Timothy D. Moose, the NCDPS chief deputy secretary; FNU McEntire and D. McMahan, associate superintendents at Craggy CC; FNU Warren, a correctional captain; Michall

---

[1] The Plaintiff is now incarcerated at the Richmond Correctional Institution.

McGee, a correctional sergeant; Donald Grindstaff and FNU Trantham, correctional officers; and Randy S. Mull, a disciplinary hearing officer (DHO). He raises claims of "discrimination, due process, cruel & unusual punishment." [Doc. 1 at 6]. As injury, he claims he is "[p]hysically not able to work because of the injuries due to restrictions…. Injuries to property, injuries to account, injuries to mental health." [Id. at 8]. He seeks damages, injunctive relief, and a jury trial. [Id. at 6, 35].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520

2

(1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

### A. Parties

The Plaintiff appears to assert claims on behalf of himself as well as others. [See, e.g., Doc. 1 at 28 (12 other prisoners); id. at 35 ("thousands of inmates"); id. at 34 ("tax payers")]. As a pro se inmate, the Plaintiff is not qualified to prosecute a class action or assert a claim on behalf of others. See Myers v. Loudoun Cnty. Pub. Schls., 418 F.3d 395, 400 (4th Cir. 2005) ("An individual unquestionably has the right to litigate his own claims in federal court.... The right to litigate for oneself, however, does not create a coordinate right to litigate for others"); Hummer v. Dalton, 657 F.2d 621, 625 (4th Cir. 1981) (prisoner's suit is "confined to redress for violations of his own personal rights and not one by him as knight-errant for all prisoners");

3

Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) ("it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action"). Therefore, to the extent that the Plaintiff has attempted to assert claims on behalf of others, they are dismissed.

The body of the Complaint contains allegations against individuals who are not named as defendants in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure. [See, e.g., Doc. 1 at 25, 27 (referring to Jeremy Gurreant, Timothy D. Moore, and Brandeshawn Harris)]; see Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity"). The allegations directed at individuals not named as Defendants are therefore dismissed without prejudice.

The Plaintiff also uses vague terms and pronouns rather than identifying the individual(s) involved in each allegation. [See, e.g., Doc. 1 at 24-25, 27, 30, 33-34 (referring to "they," "staff in Raleigh" and "staff")]. Such claims are too vague and conclusory to proceed insofar as the Court is

4

unable to determine the Defendant(s) to whom these allegations refer. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). Further, to the extent that these allegations refer to non-parties, they are nullities for the reasons discussed *supra*.

### B. Conditions of Confinement

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "The Eighth Amendment 'does not prohibit cruel and unusual prison *conditions*.'" Thorpe v. Clarke, 37 F.4th 926, 940 (4th Cir. 2022) (quoting Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993)). "It asks instead whether the conditions of confinement *inflict harm* that is, objectively, sufficiently serious to deprive of minimal civilized necessities." Id. (citation omitted). Extreme deprivations are required. Hudson v. McMillian, 503 U.S. 1, 9 (1992).

5

To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams, 77 F.3d at 761. In conditions of confinement cases, the requisite state of mind is deliberate indifference. Scinto v. Stansberry, 841 F.3d 219, 225 (4th Cir. 2016). To prove deliberate indifference, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 847 (1994). A plaintiff must also allege "a serious or significant physical or emotional injury resulting from the challenged conditions." Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993).

The Plaintiff claims that he is being housed separately from other inmates and that he is being denied privileges, including contact visits, a job, educational classes, and programs, because he is not vaccinated for COVID-19. [Doc. 1 at 20-21, 30-31, 33-34].[2] The conditions that the Plaintiff alleges are not objectively serious enough to rise to the Eighth Amendment

---

[2] The Plaintiff also claims that the unfair disciplinary procedure constitutes cruel and unusual punishment. [Doc. 1 at 31]. However, he has not alleged any facts to support an Eighth Amendment claim in this regard. It is more appropriately analyzed as a due process claim. See Section C, infra.

6

level.  Nor has the Plaintiff plausibly alleged that any adequately serious or significant physical or emotional injury resulted from the challenged conditions.  Accordingly, the Plaintiff's Eighth Amendment claims regarding the conditions of his confinement are dismissed without prejudice.

**C.    Due Process**

The Fourteenth Amendment's Due Process Clause provides that no person shall be deprived of "life, liberty, or property, without due process of law." U.S. Const. Amend XIV.  The first inquiry in any due process challenge is whether the plaintiff has been deprived of a protected interest in property or liberty that was accomplished by state action.  <u>Tigrett v. The Rector and Visitors of the Univ. of Va.</u>, 290 F.3d 620, 628 (4th Cir. 2002); <u>Stone v. Univ. of Md. Med. Sys. Corp.</u>, 855 F.2d 167, 172 (4th Cir. 1988).  To prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action.  <u>Bevrati v. Smith</u>, 120 F.3d 500, 502 (4th Cir. 1997).  Although prisoners are afforded some due process rights while incarcerated, those liberty interests are limited to "the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of

7

prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Moreover, changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991).

First, the Plaintiff claims that that he was denied due process when certain property was confiscated from him when he entered Craggy CC. [Doc. 1 at 22-23]. The Plaintiff fails to explain how any Defendant violated due process in this regard. Indeed, he has attached to the Complaint property inventory forms for all of the confiscated items. [See Doc. 1-8 at 1-4]. His mere disagreement with the confiscation of such items does not state a plausible due process claim.

Second, the Plaintiff asserts that he was denied due process regarding a disciplinary infraction. [Doc. 1 at 23]. He appears to claim that Defendants Grindstaff and Trantham falsely accused him of using profanity [id.]; that he was not provided with staff assistance or the opportunity to present evidence [id. at 24]; that he would have been punished more severely had he "f[ou]ght" the disciplinary charge [id. at 25]; that Defendant Mull was not impartial and found the Plaintiff guilty without proof [id. at 24-27]; and that the Plaintiff was

punished with a $10 fine [id. at 25, 33-34]. He further complains that Governor Cooper has not revised NCDPS's prison disciplinary system pursuant to the recommendations of the Task Force for Racial Equity Criminal Justice (TREC). [See id. at 16, 27, 29, 34-35].

"[C]onstitutional procedural due process protections extend to prison disciplinary proceedings that could adversely impact an inmate's liberty interests – such as the loss of good time…." Lennear v. Wilson, 937 F.3d 257, 268 (4th Cir. 2019) (citing Wolff v. McDonnell, 418 U.S. 539, 555 (1974)). An inmate charged with a disciplinary violation implicating a protected liberty interest must receive: (1) advance written notice of a claimed violation at least 24 hours before any disciplinary hearing; (2) the ability of the prisoner to call witnesses and present documentary evidence at the disciplinary hearing; and (3) a written statement of the evidence relied upon by the factfinder and the reasons for the disciplinary action taken. See Dilworth v. Adams, 841 F.3d 246, 253 (4th Cir. 2016) (citing Wolff, 418 U.S. at 563-66). To provide constitutionally sufficient substantive due process, a disciplinary offense finding must be "supported by some evidence in the record." Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985).

To the extent that the Plaintiff claims that he was subject to a false misconduct charge, he does not have a constitutional right to be free from

9

false disciplinary reports. See Lewis v. Viton, No. 07-3663, 2007 WL 2362587, at *9 (D.N.J. Aug. 14, 2007) ("The act of filing false disciplinary charges does not violate a prisoner's constitutional rights."). The Plaintiff's claims that he did not receive due process in the disciplinary proceeding fails because the Plaintiff pleaded guilty to the disciplinary infraction. [See Doc. 1 at 25; Doc. 1-6 at 2 (Offense and Disciplinary Report noting Plaintiff's guilty plea)]. His claim of insufficient evidence fails because his plea, standing alone, constitutes was adequate evidence of his guilt. See, e.g., DeShields v. Dill, No. CV TDC-21-0971, 2022 WL 4226386, at *5 (D. Md. Sept. 13, 2022). Nor is Governor Cooper's alleged failure to implement TREC's recommendations constitutionally redressable. The Plaintiff's due process claims are therefore dismissed without prejudice.

### D. Retaliation

The First Amendment right to free speech "includes not only the affirmative right to speak, but also the right to be free from retaliation by a public official for exercising that right." Suarez Corp. v. McGraw, 202 F.3d 676, 685 (4th Cir. 2000). Prison officials may not retaliate against an inmate for exercising a constitutional right. See Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978). In order to state a colorable retaliation claim under § 1983, a plaintiff must allege: "(1) he engaged in protected First

10

Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct." Martin v. Duffy, 977 F.3d 294, 299 (4th Cir. 2020) (quoting Constantine v. Rectors & Visitors George Mason Univ., 411 F.3d 474, 500 (4th Cir. 2005)). Bare or conclusory assertions of retaliation are insufficient to establish a retaliation claim. Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). In the prison context, retaliation claims are treated with skepticism because "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct." Id.

The Plaintiff claims that Defendant Grindstaff "wrote [him] up for asking for a grievance" the day after his property was confiscated. [Doc. 1 at 22-24]. Taking the Plaintiff's allegations as true and giving him the benefit of every reasonable inference, the Court finds that the Plaintiff's retaliation claim survives initial review as not clearly frivolous.

### E. Equal Protection

To state an equal protection claim, a plaintiff must allege that he has been treated differently from others with whom he is similarly situated, and that the unequal treatment was the result of intentional or purposeful discrimination. See Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001).

11

In doing so, the plaintiff must set forth "specific, non-conclusory factual allegations that establish an improper [discriminatory] motive." Williams v. Hansen, 326 F.3d 569, 584 (4th Cir. 2003) (quoting Trulock v. Freeh, 275 F.3d 391, 405 (4th Cir. 2001)).

The Plaintiff claims that he is being discriminated against because he is not vaccinated for COVID-19 in that: he is being housed separately from, and does not enjoy the same privileges as, vaccinated inmates [Doc. 1 at 18-20, 31, 33-34]; and he is being treated differently from unvaccinated staff [id. at 20-21]. The Plaintiff has failed to allege that he is being treated differently from any other similarly situated, unvaccinated inmate. Nor does he allege that any Defendant has acted with a discriminatory motive. Accordingly, the Plaintiff's equal protection claims are dismissed.

**F.    Prison Policy**

The Plaintiff complains about violations of prison policy. [Doc. 1 at 31]. However, a mere policy violation does not rise to the level of a § 1983 claim absent a plausible allegation of an underlying constitutional violation. See generally Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (unpublished) (holding that "prison officials' failure to follow internal prison policies are not actionable under § 1983 unless the alleged breach of policy rises to the level of constitutional violation"). Therefore, the Plaintiff's claims

12

Case 1:22-cv-00105-MR   Document 14   Filed 01/10/23   Page 12 of 16

regarding the violation of prison policies, by themselves, fail to state a § 1983 claim and they are dismissed.

### G. Supervisory Liability

"It is well settled that 'supervisory officials may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates.'" Baynard v. Malone, 268 F.3d 228, 235 (4th Cir. 2001) (quoting Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994)). A supervisor can be liable where (1) he knew that his subordinate "was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury;" (2) his response showed "deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) there was an "affirmative causal link" between her inaction and the constitutional injury." Shaw, 13 F.3d at 799 (internal quotation marks omitted).

The Plaintiff claims that Governor Cooper and Defendant Ishee should be held accountable for the unfair prison disciplinary procedures [Doc. 1 at 16, 25-27, 33-34] and the discriminatory COVID-19 polices [id. at 17, 29]. The Plaintiff has failed to state any § 1983 claim that has passed initial review regarding the COVID-19 policies or disciplinary due process as discussed in Sections B and C, *supra*. Accordingly, the Plaintiff's supervisory claims based on those allegations necessarily fail. Waybright v. Frederick Cnty.,

13

Case 1:22-cv-00105-MR   Document 14   Filed 01/10/23   Page 13 of 16

Md., 528 F.3d 199, 203 (4th Cir. 2008) ("supervisors and municipalities cannot be liable under § 1983 without some predicate 'constitutional injury at the hands of the individual [state] officer,' at least in suits for damages.") (quoting City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986)).

**H.    Sentence**

The Plaintiff complains that the COVID-19 policy and disciplinary policies are making it difficult for him to "work[ ] down" his sentence, and that he will not be able to "make [his] minimum" sentence. [Doc. 1 at 20-21, 30, 34]. However, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see generally 28 U.S.C. § 2254. Thus, to the extent that the Plaintiff is seeking to challenge the fact or duration of his confinement, he must do so, if at all, in a separate civil action.[3]

---

[3] The Court makes no determinations about the potential merit or procedural viability of such an action.

## IV. CONCLUSION

The Complaint passes initial review with respect to the Plaintiff's claim against Defendant Grindstaff for retaliation, and the remaining claims are dismissed without prejudice.

The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon which relief can be granted. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede his prior filings. Piecemeal amendment will not be allowed. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the matter will proceed only on the claim described in this Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint passes initial review against Defendant Grindstaff for retaliation.

2. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

3. The Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to amend the Complaint in the instant case in accordance with this

Order and within the time limit set by the Court, this action will proceed only on the claim identified in this Order.

The Clerk of Court is respectfully instructed to mail the Plaintiff a blank § 1983 prisoner complaint form, a blank § 2254 form, an Opt-in/Opt-out form, and a copy of this Order.

**IT IS SO ORDERED.**

Signed: January 9, 2023

Martin Reidinger
Chief United States District Judge