IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00105-MR

| | |
|---|---|
| GARY LEE BEATTY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| FNU WARREN, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the pro se Amended Complaint. [Doc. 17]. The Plaintiff is proceeding in forma pauperis. [Doc. 9].

**I. BACKGROUND**

The pro se incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing an incidents that allegedly occurred at the Craggy Correctional Center.[1] He again names as Defendants in their individual and official capacities: Roy Cooper, the governor of North Carolina; Todd E. Ishee, the North Carolina Department of Public Safety (NCDPS)[2]

---

[1] The Plaintiff was subsequently released.

[2] The NCDPS has recently been renamed the North Carolina Department of Adult Corrections (NCDAC). The Court will hereinafter refer to the NCDPS by its new name.

commissioner of prisons; Timothy D. Moose, the NCDAC chief deputy secretary; FNU McEntire, an associate superintendent at Craggy CC; D. McMahan, the superintendent at Craggy CC; Michael McGee, a correctional sergeant; Donald Grindstaff; and Randy S. Mull, a disciplinary hearing officer (DHO). He raises claims under the First and Fourteenth Amendments of "Freedom from Retaliation," "Procedural Due Process" and "Equal Protection." [Doc. 17 at 3]. He seeks nominal and punitive damages. [Id. at 5].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se

complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.  DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

The Plaintiff again refers to individuals not named as defendants, uses vague terms and pronouns, and appears to seek relief on behalf of other inmates. [See Doc. 17 at 13-14, 16]. These claims are dismissed for the reasons discussed in the Order on initial review of the Complaint. [See Doc. 14 at 3-5].

The Plaintiff purports to sue Defendants, who are state officials, in their individual and official capacities. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting

3

in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, Plaintiff's claims against Defendants in their official capacities do not survive initial review and will be dismissed.

The Plaintiff reiterates his retaliation claim against Defendant Grindstaff. [Doc. 17 at 13-14]. This claim passes initial review for the same reasons discussed in the Order on initial review of the Complaint. [See Doc. 14 at 10-11].

The Plaintiff also asserts a retaliation claim against Defendant McGee. [Doc. 17 at 13-14]. He claims that Defendant McGee knew about Defendant Grindstaff's alleged retaliation, and wrote the Plaintiff up at a later date for disrespecting staff when Plaintiff called Ms. Case "a disgrace to public service."[3] [Id.; see Doc. 5-2 at 19 (June 6, 2022 Offense and Disciplinary Report charging a B24 offense for disrespecting staff)]. The retaliation claim against Defendant McGee fails initial review. Mere knowledge of Defendant Grindstaff's alleged retaliation is insufficient to state a § 1983 claim. See

---

[3] According to the Plaintiff, this infraction was "thrown out." [Doc. 17 at 14].

generally Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (to establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants "acted personally" to cause the alleged violation) (citation omitted); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (the doctrine of respondeat superior does not apply in actions brought under § 1983). Further, his claim about McGee's write-up is self-defeating because the Plaintiff has admitted conduct that constitutes a disciplinary infraction under NCDAC Policy and Procedure. [See Offender Disciplinary Procedure .0202(b) (making it a B24 offense to: "[d]irect toward or use in the presence of any State official, any member of the prison staff, any offender, or any member of the general public, oral or written language or specific gestures or acts that are generally considered disrespectful, profane, lewd, or defamatory.")]; Fed. R. Ev. 201; Martin v. Duffy, 977 F.3d 294, 300 (4th Cir. 2020) (the "same-decision test" applies to prisoner retaliation claims); Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (in the prison context, retaliation claims are treated with skepticism because "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct."). Accordingly, the retaliation claim against Defendant McGee is dismissed.

The Plaintiff reasserts his claims asserting due process violations in disciplinary proceedings[4] [Doc. 17 at 14-15]; asserting equal protection violations because he is unvaccinated for COVID-19 [id. at 16-17]; challenging prison policies [id. at 15, 17]; and asserting supervisory liability [id. at 15-18]. These claims fail for the reasons discussed in the Order on initial review of the Complaint, and they are dismissed. [Doc. 14 at 7-14].

## IV. CONCLUSION

The Amended Complaint passes initial review against Defendant Grindstaff for retaliation, and the remaining claims are dismissed.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Amended Complaint [Doc. 17] passes initial review against Defendant Grindstaff for retaliation.

2. The Plaintiff's remaining claims, including his official capacity claims are **DISMISSED**.

3. Defendants McEntire, McMahan, McGee, Mull, Cooper, Moose, and Ishee are **DISMISSED** as Defendants in this matter.

---

[4] The Plaintiff appears to refer to three disciplinary proceedings. He pleaded guilty in two of them [Doc. 1-6 at 1-2 (April 20, 2022 guilty plea); Doc. 5-2 at 13 (June 1, 2022 guilty plea)], and the third was "thrown out" [Doc. 5-2 at 19 (McGee write-up); Doc. 17 at 14].

4. **IT IS FURTHER ORDERED** that the Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant Donald Grindstaff who is alleged to be a current or former employee of the North Carolina Department of Public Safety.

**IT IS SO ORDERED.**

Signed: February 22, 2023

Martin Reidinger
Chief United States District Judge