IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00105-MR

| | |
|---|---|
| GARY LEE BEATTY, JR., ) | |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| FNU WARREN, et al., ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the Plaintiff's pro se "Motion for Timely Objection to (DE 38)" [Doc. 40]; "Motion to Strike" [Doc. 41]; "Motion to Amend Signatures to (DE 39, 40 and 41)" [Doc. 42]; "Motion to Ask Permission to Add 'James S. Canup' as a Defendant Pursuant to Fed. Civ. R. P. 15(a)(2)" [Doc. 43]; and "Motion to Respond to (DE-46)" [Doc. 48].

**I.      BACKGROUND**

The pro se incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Craggy Correctional Institution. [See Doc. 1]. Before the Complaint was reviewed for frivolity, the Plaintiff filed a Motion to Amend in which he sought to add new Defendants and factual allegations. [Doc. 5]. The Court denied the Motion as moot because the Plaintiff was allowed to amend as a matter of

course at that time, however, he was informed that piecemeal amendment will not be permitted. [Doc. 13]. The Court granted the Plaintiff 30 days within which to amend his Complaint. [Id.]. When the Plaintiff failed to amend, the Court reviewed the original Complaint for frivolity. The Complaint passed initial review on a claim that Defendant Donald Grindstaff retaliated against the Plaintiff on April 11, 2022. [Doc. 14]. The Plaintiff then filed an Amended Complaint and it, too, passed initial review against Defendant Grindstaff for retaliation; the remaining allegations were dismissed. [Docs. 17, 19].

Defendant Grindstaff waived service and filed an Answer. [Doc. 25]. On July 5, 2023, the Court entered a Pretrial Order and Case Management Plan and setting the deadline to amend and join parties by August 14, 2023, to complete discovery by October 23, 2023, and to file dispositive motions by November 20, 2023.[1] [Doc. 25]. The Plaintiff filed Notices of Change of Address indicating that Plaintiff had been moved to the Richmond CI in Hoffman, North Carolina [Doc. 12], and then to a home address in Fayetteville, North Carolina upon his release from prison in February 2023 [Doc. 18].

---

[1] The Court also appointed the North Carolina Prisoner Legal Services (NCPLS) to assist the Plaintiff with discovery, but NCPLS declined the appointment. [See Doc. 26].

2

Defense counsel moved to extend the deadline to file dispositive motions for the first time on November 17, 2023, and several more extensions were granted. [See Docs. 27, 28, 29, 30, 31]. A new defense attorney appeared in the case on April 24, 2024, and he was granted a final extension of the deadline to file dispositive motions. [Docs. 32, 33; April 30, 2024 Text-Only Order].

Defendant Grindstaff filed a Motion for Summary Judgment on May 29, 2024. [Doc. 34]. Thereafter, the Court entered an Order in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising the Plaintiff of the requirements for filing a response to the summary judgment motion and of the manner in which evidence could be submitted to the Court. [Doc. 35]. On June 6, 2024, a relative of the Plaintiff's phoned the Clerk to inform the Court that the Plaintiff's address had changed again. [See June 6, 2024 Text-Only Notice]. The Plaintiff was ordered to file a formal Notice of Change of Address within 14 days. [Id.]. A Notice of Change of Address was docketed on June 24, 2024, showing that the Plaintiff was back in NCDAC custody at the Maury CI. [Doc. 36]. The "Plaintiff's Motion for Summary Judgment" was docketed that same day.[2] [Doc. 37].

---

[2] This document was "filed" for purposes of the prisoner mailbox rule on June 15, 2024. Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox

3

On July 8, 2024, the Defendant sought an extension of time to respond to the "Plaintiff's Motion for Summary Judgment," which defense counsel served on the Plaintiff at his old Fayetteville, NC address. [Doc. 38]. The Court granted the extension on July 9, 2024 by text-only Order, and it mailed a copy of the docket sheet to the Plaintiff at Maury CI that same day. [July 9, 2024 Text-Only Order].[3] Defendant Grindstaff's Response was mailed to the Plaintiff's Fayetteville address. [Id.]. On August 19, 2024, the Plaintiff filed a Notice regarding defense counsel's use of an old address, and counsel served the Response to Plaintiff at his correct address that same day. [Docs. 45, 47].

By the present motions, the Plaintiff moves to strike the Defendant's June 8th Motion for an Extension of Time. [Docs. 40, 41]; to amend his Complaint to assert claims against James S. Canup, the Craggy CI program supervisor, for retaliation and for violating prison policy [Doc. 43]; and to accept signature pages for his filings at Docket Entries 39, 40, and 41, which he claims to have inadvertently omitted [Doc. 42]. The Plaintiff also has filed

---

rule to § 1983 case).

[3] The Plaintiff subsequently explained that Docket Entry 37 was intended as a response to the Defendant's Motion for Summary Judgment and not as an independent dispositive motion. [See Docs. 40, 41].

a "Motion to Respond to [DE-46]"; however, the Court construes this pleading as a Reply.[4] [Doc. 48].

## II. DISCUSSION

### A. Plaintiff's Motions to Strike

The Plaintiff moves to strike the Defendant's Motion for Extension of Time to respond to the Plaintiff's "Motion for Summary Judgment," arguing that no response is needed because the Plaintiff's pleading was in fact only a response, and not a dispositive motion;[5] that in any event an extension of time is not warranted; and that defense counsel deliberately sent his request for an extension of time to the Plaintiff's old address. [Docs. 40, 41].

Regardless of whether the Plaintiff intended for his "Motion for Summary Judgment" as a dispositive motion or as an opposition to the Defendant's Motion for Summary Judgment, the Defendant was entitled to respond to that filing. Moreover, the extension of time to respond was warranted, and counsel promptly served the Plaintiff at his correct address upon being notified of the error. The Plaintiff's motions to strike the Defendant's Motion are therefore denied.

---

[4] The Clerk will be instructed to terminate Docket Entry 48, and to re-docket it as a "Reply."

[5] The Court will address the substance of the "Plaintiff's Motion for Summary Judgment" in a separate Order.

5

### B. Plaintiff's Motion to Amend

The Plaintiff moves to amend his Complaint to add claims against James S. Canup, the Craggy CI program supervisor, for retaliation and for violating prison policy. [Doc. 43]. Specifically, the Plaintiff claims that on May 27, 2022, the Plaintiff filed a grievance against FNU Case, a case manager, after she denied the Plaintiff a janitor job; that Canup intercepted the grievance and retaliated against the Plaintiff by accusing him of using profanity towards Case on May 31, 2022; that the disciplinary charge was dismissed on June 8, 2022; and that the Plaintiff was shipped to Richmond CI "out of retaliation by officials at Craggy." [Id. at 3-6]. The Plaintiff asserts that he did not know that Canup had written him up until "searching and fact finding and the help of Defendant Grindstaff's Summary Judgment…." [Id. at 7].

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend its pleading before trial with leave of the court, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this principle, absent "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment,

futility of amendment, etc.," leave should be freely given "as the rules require." Foman v. Davis, 371 U.S. 178, 182 (1962). Courts should therefore "focus on prejudice or futility or bad faith as the only legitimate concerns in denying leave to amend." Island Creek Coal Co. v. Lake Shore, Inc., 832 F.2d 274, 279 (4th Cir. 1987). "[D]elay alone is not sufficient reason to deny leave to amend." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986).

Here, the Plaintiff's proposed amendment to assert claims against Canup for retaliation and for violating prison policy would be futile. A plaintiff may not assert unrelated claims against unrelated defendants in a single action. See Fed. R. Civ. P. 18(a), 20(a)(2); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (noting that "[u]nrelated claims against different defendants belong in different suits," to prevent prisoners from dodging the fee payment or three-strikes provisions in the Prison Litigation Reform Act). A plaintiff may only bring a claim against multiple defendants when (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences; and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2).

The Plaintiff's retaliation claims against Grindstaff on April 11, 2022 and his claims of retaliation against Canup in May 2022 appear to be

7

factually distinct. Allowing the Plaintiff to add the Canup claims to the instant lawsuit would be inappropriate because it would run contrary to the PLRA's fee payment and three-strikes provisions. See Carmona v. Union Cnty. Sheriff's Office, 2021 WL 4241686 (W.D.N.C. Sept. 17, 2021). The Plaintiff's attempt to add a claim that he was transferred to Richmond CI by "officials" at Craggy is also futile because that vague and conclusory claim would be insufficient to survive initial review against either Canup or Grindstaff. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). Further, the Plaintiff's allegations that Canup violated prison policy do not state an independent § 1983 claim. See generally Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (unpublished) (holding that "prison officials' failure to follow internal prison policies are not actionable under § 1983 unless the alleged breach of policy rises to the level of constitutional violation").

Moreover, the Plaintiff unduly delayed in raising his claims against Canup, and allowing him to do so at this juncture would likely require

8

reopening discovery which would unduly prejudice Defendant Grindstaff. The Plaintiff has not sought to amend the long-expired pretrial deadlines to amend, to conduct discovery, and to file dispositive motions, all of which expired before he filed the instant Motion, and he has failed to demonstrate good cause to for doing so. See generally Fed. R. Civ. P. 16(b)(4) (a scheduling order may be modified "only for good cause and with the judge's consent"); Ardrey v. United Parcel Service, 798 F.2d 679, 682 (4th Cir. 1986) (the court has "wide latitude in controlling discovery and … [t]he latitude given the district courts extends as well to the manner in which it orders the course and scope of discovery"). Accordingly, the Plaintiff's "Motion … to Add" is denied without prejudice for the Plaintiff to raise his new claims in a separate civil action.[6]

## C. Plaintiff's Motion to Accept Signature Pages

Finally, the Plaintiff's Motion to accept the signature pages for Docket Entries 39, 40, and 41 is granted. [Doc. 42].

---

[6] The Court makes no determinations about the potential merit or procedural viability of such an action.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's "Motion for Timely Objection to (DE 38)" [Doc. 40]; "Motion to Strike" [Doc. 41]; "Motion to Ask Permission to Add 'James S. Canup' as a Defendant Pursuant to Fed. Civ. R. P. 15(a)(2)" [Doc. 43] are **DENIED**.

2. The Plaintiff's "Motion to Amend Signatures to (DE 39, 40 and 41)" [Doc. 42] is **GRANTED**.

The Clerk is respectfully instructed to terminate Docket Entry 48 and to re-docket the "Motion to Respond to (DE-46)" as a "Reply" to Docket Entry 46.

**IT IS SO ORDERED.**

Signed: September 22, 2024

Martin Reidinger
Chief United States District Judge