IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00105-MR

| | |
|---|---|
| GARY LEE BEATTY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| FNU WARREN, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Defendant Donald Grindstaff's Motion for Summary Judgment [Doc. 34] and "Plaintiff's Motion for Summary Judgment" [Doc. 37].

**I.    BACKGROUND**

The incarcerated Plaintiff Gary Lee Beatty, Jr., proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Craggy Correctional Institution.[1] [See Doc. 1: Compl.]. The Plaintiff's notarized Amended Complaint passed initial review on a claim that Defendant Donald Grindstaff retaliated against him on April 11, 2022. [Doc. 17: Am. Compl.; Doc. 19: Order on Initial Review].   Specifically, the Plaintiff

---

[1] The Plaintiff is presently incarcerated at the Maury Correctional Institution.

alleges that Defendant Grindstaff retaliated against him for filing a grievance regarding a property search by asserting a "fabricated" disciplinary infraction against him. [Doc. 17: Am. Compl. at 13]. The Plaintiff seeks nominal and punitive damages. [Doc. 17: Am. Compl. at 5].

The Defendant filed the instant Motion for Summary Judgment on May 29, 2024. [Doc. 34: MSJ]. Thereafter the Court entered an Order in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising the Plaintiff of the requirements for filing a response to the summary judgment motion and of the manner in which evidence could be submitted to the Court. [Doc. 35: Roseboro Order]. On June 15, 2024,[2] the Plaintiff filed "Plaintiff's Motion for Summary Judgment" and supporting documents.[3] [Doc. 37: Plaintiff's "MSJ"]. The Plaintiff subsequently explained that Docket Entry 37 was intended as a response to the Defendant's Motion for Summary Judgment, and not as an independent dispositive motion. [See Doc. 40].

These matters are ripe for disposition.

---

[2] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

[3] The "Plaintiff's Motion for Summary Judgment" is not verified, so it cannot be considered on summary judgment as a forecast of evidence. [See Doc. 37 at 18 (signed to "the Best of [Plaintiff's] knowledge"); see also Doc. 1: Unverified Complaint]. In considering the Defendant's Motion for Summary Judgment, the Court will consider relevant portions of the Plaintiff's verified filings, as well as other relevant portions of the record. [See, e.g., Doc. 17: Am. Compl.; Doc. 37-1: Plaintiff's Decl.].

## II. STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. Rather, the nonmoving party must oppose a proper summary judgment motion with citation to

"depositions, documents, electronically stored information, affidavits or declarations, stipulations …, admissions, interrogatory answers, or other materials" in the record. See id.; Fed. R. Civ. P. 56(c)(1)(a). Namely, the nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. To that end, only evidence admissible at trial may be considered by the Court on summary judgment. Kennedy v. Joy Technologies, Inc., 269 F. App'x 302, 308 (4th Cir. 2008) (citation omitted).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. Facts, however, "must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380, 127 S.Ct. 1769, 1776 (2007). As the Supreme Court has emphasized,

> "[w]hen the moving party has carried its burden under Rule 56(c), the opponent must do more than simply show there is some metaphysical doubt as to the material facts …. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S. Ct. 1348 (1986) (footnote omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be

4

no genuine issue of material fact." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-28, 106 S. Ct. 2505 (1986). When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

<u>Scott</u>, 550 U.S. at 380.

## III. FACTUAL BACKGROUND

The following is a summary of the relevant portions of the undisputed forecast of evidence.

The Plaintiff was transferred to the Craggy CC on April 11, 2022. Upon arrival, his property was searched, and excess batteries were seized. [Doc. 17: Am. Compl. at 13]. Officers Grindstaff and Trantham searched the Plaintiff's property for a second time and seized additional batteries. [<u>Id.</u>]. The Plaintiff objected to this second search, asked for a sergeant, requested a grievance form from Officer Grindstaff, and filed a grievance about the second search. [<u>See</u> Doc. 34-3: MSJ Ex at 2 (April 11, 2022 Grievance)].

On April 11, 2022 at 1:00 p.m., Officer Grindstaff reported that the Plaintiff used profanity during the second search. [Doc. 34-4: MSJ Ex at 8 (Offense and Disciplinary Report)]. Sergeant McGee investigated the incident and gathered witness statements. Defendant Grindstaff and Officer Trantham confirmed that the Plaintiff used profanity during the second

5

search, while the Plaintiff denied the same. [See Doc. 34-4: MSJ Ex at 10 (Grindstaff's witness statement); id. at 14 (Trantham's witness statement); id. at 12 (Plaintiff's witness statement). Sergeant McGee concluded that the Plaintiff should be charged with a B-24 infraction for using profane language. [Id. at 4]. The summary of the charge states:

> ON 4/11/22 AT APPROXIMATELY 1234 HRS. OFFICER DONALD GRINDSTAFF WAS WORKING IN BUILDING 2. INMATE GARY BEATTY … APPROACHED THE BARS ASKING QUESTIONS CONCERNING WHY HIS PROPERTY WAS SEARCHED AGAIN. OFFICER GRINDSTAFF INFORMED HIM THAT HE HAD TOO MANY BATTERIES. INMATE BEATTY THEN STATED "YOURE A FUCKING IDIOT." INMATE BEATTY WILL BE CHARGED WITH A B-24 FOR USING PROFANITY TOWARDS STAFF. INMATE BEATTY CHECKED YES ON WRITTEN STATEMENTS, LIVE WITNESSES, AND PHYSICAL EVIDENCE BUT DID NOT GIVE ANY NAMES. NO PLEA WAS ENTERED THIS CASE HAS BEEN REFERRED TO THE DHO.

[Id. at 8]. The Plaintiff acknowledged that the charge and his rights were explained to him on April 13, 2022. [Id.]. He was brought before DHO Mull for a disciplinary hearing on April 20, 2022. [Id.]. The Plaintiff pleaded guilty to the B-24 infraction, and he was sanctioned for his conduct.[4] [Id.; Doc. 11-4: Plaintiff's Decl. at ¶ 11; Doc. 34-4: MSJ Ex at 1 (Offender Info. Screen)].

---

[4] The Plaintiff states that DHO Mull coerced his plea. [Doc. 11-4: Plaintiff's Decl. at ¶¶ 9-11]. However, no claim against DHO Mull passed initial review. [See Docs. 14, 19].

6

## IV. DISCUSSION

As a preliminary matter, the Plaintiff explains that the "Plaintiff's Motion for Summary Judgment" [Doc. 37] was intended to serve as a Response to the Defendant's Motion for Summary Judgment, rather than as an independent dispositive motion. [See Docs. 40, 41]. The "Plaintiff's Motion for Summary Judgment" will, therefore, be construed as a Response to Defendant Grindstaff's Motion for Summary Judgment, and the Clerk will be instructed to update the docket accordingly.[5]

The Court now turns to the merits of Defendant Grindstaff's Motion. An inmate has a clearly established First Amendment right to be free from retaliation for filing lawsuits. See Booker v. S.C. Dep't of Corrs., 855 F.3d 533, 540 (4th Cir. 2017); Thompson v. Commonwealth of Va., 878 F.3d 89, 110 (4th Cir. 2017). Inmates also have a protected First Amendment right to complain to prison officials about prison conditions and improper treatment by prison employees that affect them. See Patton v. Kimble, 717 Fed. App'x 271, 272 (4th Cir. 2018).

To prevail on a First Amendment retaliation claim, a plaintiff must demonstrate that (1) he engaged in protected First Amendment activity, (2)

---

[5] Had the "Plaintiff's Motion…" proceeded as a dispositive motion, it would be denied for the reasons discussed *infra.*

the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct. Martin v. Duffy, 977 F.3d 294, 299 (4th Cir. 2020) (quotation marks and citation omitted). Retaliation claims brought by prisoners, however, are treated with skepticism because every act of discipline by a prison official is retaliatory in that it responds directly to prisoner misconduct. See Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994).

Here, the undisputed forecast of evidence demonstrates that an investigation was conducted, evidence was gathered demonstrating that the infraction occurred, and the Plaintiff pleaded guilty to the infraction. The Plaintiff's bare assertion that Defendant Grindstaff had a retaliatory motive to accuse him of a disciplinary infraction is insufficient to create a genuine issue of material fact. No reasonable jury could find that the infraction was caused by Defendant Grindstaff's retaliatory motive in light of the conduct that the Plaintiff admitted by pleading guilty. See, e.g., Prince v. Gang, No. GJH-20-535, 2022 WL 596802 (D. Md. Feb. 28, 2022) (granting summary judgment on claim that officers retaliated by issuing infractions and upholding them on appeal where the inmate pleaded guilty to those infractions); Green v. Sacchet, No. WMN-02-1835, 2002 WL 32639150 (D.Md. Dec. 10, 2002) (the mere fact that defendants issued an infraction around the time the

8

inmate submitted a grievance did not support an inference of retaliatory intent, where the evidence reflected that the infractions would have been issued regardless). Accordingly, the Defendant's Motion for Summary Judgment will be granted.

"Qualified immunity protects officers who commit constitutional violations but who, in light of clearly established law, could reasonably believe that their actions were lawful." Henry v. Purnell, 652 F.3d 524, 531 (4th Cir. 2011) (en banc). "To determine whether an officer is entitled to qualified immunity, the court must examine (1) whether the plaintiff has demonstrated that the officer violated a constitutional right and (2) whether that right was clearly established at the time of the alleged violation." E.W. ex rel. T.W. v. Dolgos, 884 F.3d 172, 178 (4th Cir. 2018) (internal quotation marks omitted). The doctrine of qualified immunity "gives government officials breathing room to make reasonable but mistaken judgments and protects all but the plainly incompetent or those who knowingly violate the law." Smith v. Ray, 781 F.3d 95, 100 (4th Cir. 2015) (internal quotation marks omitted).

Here, because the Plaintiff has not forecast any evidence that Defendant Grindstaff violated a constitutional or statutory right, he would also be entitled to qualified immunity on the Plaintiff's retaliation claim.

9

## IV. CONCLUSION

For the reasons stated herein, the "Plaintiff's Motion for Summary Judgment" is construed as a Response, the Defendant's Motion for Summary Judgment is granted, and this action is dismissed with prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion for Summary Judgment [Doc. 34] is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

The Clerk is respectfully instructed to terminate Docket Entry 37 and to re-docket the "Plaintiff's Motion for Summary Judgment" as a Response to Docket Entry 34.

**IT IS SO ORDERED.**

Signed: September 23, 2024

Martin Reidinger
Chief United States District Judge